IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| VICTOR M. RODRIGUEZ-ROQUE,<br><br>**Plaintiff**<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>**Defendant** | **CIVIL NO.** 09-1690 (JAG) |

**MEMORANDUM AND ORDER**

GARCIA-GREGORY, D.J.

Before the Court is Victor M. Rodríguez Roque's petition for judicial review of a final decision of the Commissioner of Social Security and a Magistrate Judge's Report and Recommendation. For the reasons stated below, the Court hereby **ADOPTS** the Magistrate Judge's Report in its entirety and, accordingly, **AFFIRMS** the Commissioner's decision.

**FACTUAL AND PROCEDURAL BACKGROUND**

On July 22, 2009, Victor M. Rodríguez Roque ("Plaintiff") filed the instant case to obtain the review of a denial of an application for a period of disability and Social Security disability insurance benefits. He alleges that the administrative law judge ("ALJ") did not properly consider his

allegations of disabling pain and exertional limitations; that he erred in finding that Plaintiff could still perform his past relevant work; that there were no hospital or clinic admissions in his record; and that he erred by not giving his treating physicians' findings adequate weight under the law. He further argues that the Commissioner failed to timely provide a transcript of the proceedings. (Plaintiff's Social Security Memorandum of Law, Docket No. 18).

The case was referred to a Magistrate Judge for a Report and Recommendation. (Docket No. 11). The Magistrate Judge recommended that the Court affirm the administrative decision. In essence, he concluded that the Commissioner's "decision reflects a reasonable balancing and weighing of evidence and the making of credibility determinations by the administrative law judge." (Docket No. 20, p. 18). He found that the ALJ acted within his discretion when he resolved the conflicts between the reports of treating physicians and state medical staff and when he refused to give credibility to Plaintiff's allegations of disabling pain. The Magistrate Judge also found that the record is confusing regarding Plaintiff's psychiatric treatment at Inspira during December 2007 and January 2008, but that in any case it appears that the treatment was ambulatory and that the ALJ was aware that it had taken place. (Docket No. 20, p. 8-9).

Plaintiff timely filed his Objections to the Report and Recommendation. (Docket No. 21). He argues that, contrary to what the Magistrate Judge found, the transcript of the hearing testimony and the case record were not filed with the Court until July 22, 2010, after he had filed his Memorandum of Law. (Docket No. 19). He also argues that the reports of the treating physicians were not given the proper weight under controlling law and that the severity of Plaintiff's condition is evident from them. He requests that the decision be reversed and the benefits awarded, or that, in the alternative, the case be remanded.

The Commissioner filed a response to Plaintiff's objections. (Docket No. 22). He acknowledges that the administrative transcript was not filed with the answer, as required by law, but that a copy of the transcript was mailed to Plaintiff on July 22, 2010. He argues that Plaintiff should have requested an extension of time to file his memorandum or he should have filed a supplemental memorandum once he received the transcript. Regarding Plaintiff's objections to the Magistrate Judge's recommendations, the Commissioner posits that no objections were raised based upon the review of the transcript and that his decision must be affirmed.

## ANALYSIS

As a threshold matter, the Court must address the transcript issue. This case indeed presents a particular combination of circumstances. The record reflects that the Commissioner filed the transcript on July 22, 2010, after he filed his answer. This is clearly contrary to the mandate of 42 U.S.C. § 405(g), which states that "[a]s part of the Commissioner's answer the Commissioner of Social Security shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based." The transcript was also filed a week after Plaintiff filed his Memorandum of Law. (Docket No. 19). The Commissioner failed to certify whether he mailed the transcript to Plaintiff on the same date. These facts alone could have warranted that the Court take remedial action in order to cure any risk of violating Plaintiff's due process right.

However, it is evident that, contrary to what he states, Plaintiff had a copy of the transcript when he prepared his memorandum of law. In the memorandum, Plaintiff makes specific references, not only to the transcript, but to the exact page numbers and the exhibits contained therein. Hence, even if the Commissioner clearly failed to comply with its obligation to file the transcript on time, it cannot reasonably be argued that the Plaintiff did not have a copy of the transcript at all as he contends. Furthermore, Plaintiff cannot validly argue that he

was "forced" by the Court to file his memorandum simply because the Court stated in an order that no further delays would be permitted. If Plaintiff did not have access to the transcript at the time (which is not the case) he would have had just cause to request and obtain an extension of time to file the memorandum, notwithstanding the previous Court order. The Court thus turns to the merits of Plaintiff's case and his objections to the Report and Recommendation.

It is well known that to establish entitlement to benefits, Plaintiff bears the burden of proving that he became disabled within the meaning of the Social Security Act. See, e.g., Deblois v. Secretary of HHS, 686 F.2d 76, 79 (1st Cir. 1982). Plaintiff may be considered disabled within the meaning of the Act only if he is unable to perform any substantial gainful work because of a medical condition that can be expected to last for a continuous period of at least twelve months. See 42 U.S.C. §§ 416(i)(1) and 423(d)(1). Plaintiff's impairment must be so severe as to prevent him from working, not only in his usual occupation, but in any other substantial gainful work considering his age, education, training, and work experience. See 42 U.S.C. § 423(d)(2)(A). Evidence of a physical impairment cannot suffice for an award of disability insurance benefits; Plaintiff must also be precluded from engaging in any substantial gainful activity by reason of such impairment. See,

e.g., McDonald v. Secretary of HHS, 795 F.2d 1118, 1120 (1st Cir. 1986).  Moreover, Plaintiff's complaints cannot provide the basis of entitlement when they are not supported by medical evidence.  Avery v. Secretary of HHS, 797 F.2d 19, 20-21 (1st Cir. 1986).

The findings of fact made by the ALJ "are conclusive when supported by substantial evidence, 42 U.S.C. § 405(g), but are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999).  The resolution of conflicts in the evidence and the ultimate determination of disability are for the ALJ, not the courts.  See Rodríguez v. Secretary of HHS, 647 F.2d 218, 222 (1st Cir. 1981).

In his objections to the Report and Recommendation, Plaintiff contends that the Magistrate Judge and the ALJ erred in not granting the opinions of his treating physicians controlling weight. The ALJ found that he could not give Dr. Polo, Dr. Berrios and Dr. Flores's opinions and conclusions controlling weight for several reasons including the fact that their entries in the forms do not state the facts that support their conclusions. Specifically, the ALJ stated that under 20 CFR 404.1527(d)(2) and SS Rulling 96-2p, "when conclusory forms are submitted by treating sources without sufficient explanatory language, progress/treatment notes, or without citing

appropriate diagnostic laboratory or objective evidence to provide such a longitudinal foundation upon which to objectively evaluate and analyze such opinions/conclusions, the basis for giving them controlling weight over other opinion evidence, is no longer applicable." TR 25. The Magistrate Judge thus found that the ALJ had a valid basis for not giving the treating physicians opinions controlling weight.

The Court now finds that the ALJ acted correctly when he considered that the treating physicians' opinions could not be controlling. This, because they are not "well-supported by medically acceptable clinical and laboratory diagnostic techniques and [they are] not inconsistent with the other substantial evidence." 20 CFR 404.1527(d)(2). The ALJ did not completely disregard this evidence. Instead of giving it controlling weight, he evaluated it according to the guiding factors set out in 20 CFR 404.1527(d)(2) through (6). After weighing the totality of the evidence he validly concluded that the state agency medical staff's opinion should be afforded more weight because their reports are well-supported by medically acceptable clinical and laboratory studies. Hence, the Court finds that his findings in fact are supported by substantial evidence and that he acted within his discretion when he weighed the evidence in accordance with the applicable rules and regulations.


Civil No. 09-1690 (JAG)                                                8

Plaintiff also contends that the Magistrate Judge erred in upholding the ALJ's determination regarding the lack of credibility of his allegations of severe disabling pain. He avers that mere citing of Avery v. Ser'y of Health & Human Servs., 797 F.2d 19 (1st Cir. 1986) is insufficient for the Court to properly evaluate the credibility factor.

Under Avery's interpretation of the Act, in order for pain to be considered disabling there must be an established medical impairment that could produce the pain alleged and all the evidence (including a claimant's statements) must lead to a reasonable conclusion that the pain is disabling. In this case, the AJL's analysis reflects that he properly weighed the pertinent factors and found that, even if the allegations of certain pain were supported by the objective medical evidence, the pain was not as severe and disabling as Plaintiff posits. The AJL particularly mentioned that he did not find evidence that would support Plaintiff's allegations regarding the severe, persistent and disabling nature of his pain for he was able to take care of most personal needs and activities of daily life and he has not had gross emotional instability or advanced loss of cognitive functions. The record also supports a finding that the treatment of his medical condition has been moderate and is inconsistent with the type of treatment a person who suffers from disabling pain is expected to receive.

## CONSLUSION

For the reasons stated above, the Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation in its entirety and, accordingly, **AFFIRMS** the Commissioner's denial of Plaintiff's social security benefits. The case shall be dismissed.

IT IS SO ORDERED.

In San Juan, Puerto Rico this 27th day of June, 2011.

<div style="text-align: right">

s/ Jay A. García Gregory
JAY A. GARCIA GREGORY
U.S. DISTRICT JUDGE

</div>